a

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | |
|---|---|
| JIMMY L FOSTER #86444, Plaintiff | CIVIL DOCKET NO. 5:22-CV-01940 SEC P |
| VERSUS | CHIEF JUDGE S. MAURICE HICKS, JR. |
| STEVE PRATOR, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. §2241 filed by pro se Petitioner Jimmy L. Foster ("Foster").  Foster is a pretrial detainee at the Caddo Correctional Center ("CCC") in Shreveport, Louisiana.  Foster claims that he should be released due to COVID-19 and awarded $500,000 in damages.

Because Foster cannot obtain damages under § 2241 and does not challenge the cause of his detention, his Petition (ECF No. 1) should be DENIED and DISMISSED WITHOUT PREJUDICE.

## I.    Background

Foster alleges that there are inmates with COVID-19 housed with him at CCC, and his constitutional rights are being violated by "having to share the same breathing air."  ECF No. 1 at 6.

## II.    Law and Analysis

Federal law provides two distinct avenues to relief for claims related to confinement: the petition for writ of habeas corpus and the civil rights action for

equitable or monetary relief. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004). Habeas is reserved for "[c]hallenges to the validity of any confinement or to particulars affecting its duration," while civil-rights actions are typically used to attack conditions of confinement. *Id.* (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

"Which statutory vehicle to use depends on the nature of the claim and the type of relief requested." *Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017). The "core issue" is "whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement." *Cook v. Tex. Dep't of Crim. Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994).

A petitioner may seek habeas relief under § 2241 if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). The United States Court of Appeals for the Fifth Circuit recently clarified that "habeas is not available to review questions unrelated to the cause of detention." *Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021), *cert. denied*, 142 S.Ct. 216 (2021); *Perez v. Zook*, 3:20-CV-02092, 2022 WL 348664, at *1 (N.D. Tex. 2022), *report and recommendation adopted*, 2022 WL 347608 (N.D. Tex. 2022). Habeas exists solely to "grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976).

Foster seeks, in part, monetary damages due to his confinement during the pandemic. Such relief cannot be obtained through a § 2241 petition and must be

sought through a civil rights complaint under 42 U.S.C. § 1983. *See Muhammad*, 540 U.S. at 750.  Foster also requests release because of COVID-19 but does not challenge the cause of his detention.

### III.  Conclusion

Because Foster cannot obtain money damages under § 2241 and he has not raised any challenge related to the cause of detention, IT IS RECOMMENDED that his § 2241 Petition (ECF No. 1) be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, September 22, 2022.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE